**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Equal Employment Opportunity Commission** | ) ) | |
| Plaintiff, | ) ) | Case No. 14-13710 |
| v. | ) ) | HON. SEAN F. COX |
| | ) | United States District Court Judge |
| **R.G. & G.R. Harris Funeral Homes, Inc.**, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ANSWER OF DEFENDANT R.G. & G.R. HARRIS FUNERAL HOMES, INC. TO PLAINTIFF'S COMPLAINT

Defendant, R.G. & G.R. Harris Funeral Homes, Inc. ("Funeral Home"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. It does not appear that the information contained in the section of the Complaint entitled "NATURE OF THE ACTION" requires any response; however, to the extent such section of the Complaint asserts any allegations, Funeral Home denies each and every allegation asserted therein.

2. Funeral Home denies the averments set forth in paragraph 1 of Plaintiffs' Complaint.

3. Funeral Home denies the averments set forth in paragraph 2 of the Complaint.

1

4. Funeral Home admits that the EEOC is the agency of the United States of America charged with the administration of Title VII but, except as so admitting, Funeral Home denies the remaining averments set forth in paragraph 3 of the Complaint.

5. Funeral Home admits the averments set forth in paragraph 4 of Plaintiff's Complaint.

6. Funeral Home admits the averments set forth in paragraph 5 of Plaintiff's Complaint.

7. The averments contained in paragraph 6 of the Complaint state legal conclusions to which no answer is required and the Funeral Home is otherwise without information sufficient to form a belief about the truth of the allegations set forth therein, and therefore denies the same.

8. Funeral Home is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the Complaint and therefore denies the same.

9. Funeral Home denies the averments set forth in paragraph 8 of the Complaint.

10. Funeral Home denies the averments set forth in paragraph 9 of the Complaint.

11. Funeral Home denies the averments set forth in paragraph 10 of the Complaint.

12. Funeral Home denies the averments set forth in paragraph 11 of the Complaint.

13. Funeral Home denies the averments set forth in paragraph 12 of the Complaint.

14. The averments contained in paragraph 13 of the Complaint state legal conclusions to which no answer is required; however, to the extent paragraph 13 of the Complaint contains any allegations, Funeral Home denies them.

15. Funeral Home denies the averments set forth in paragraph 14 of the Complaint.

16. Funeral Home denies the averments set forth in paragraph 15 of the Complaint.

17. Funeral Home denies the averments set forth in paragraph 16 of the Complaint.

18. Funeral Home denies the averments set forth in paragraph 17 of the Complaint.

19. Funeral Home denies the averments set forth in paragraph 18 of the Complaint.

20. Funeral Home denies the averments set forth in paragraph 19 of the Complaint.

21. Funeral Home denies the averments set forth in paragraph 20 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The EEOC's Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

The EEOC's bringing and prosecution of this case exceeds the scope of the EEOC's legal authority and is ultra vires.

## THIRD DEFENSE

The EEOC's claims are barred by the doctrine of at-will employment.

## FOURTH DEFENSE

The EEOC's claims are barred by virtue of the fact that the Funeral Home was legally justified in any and all acts of which the EEOC complains, including but not limited to the Funeral Home's right to impose sex-specific dress codes on its employees.

## FIFTH DEFENSE

The EEOC's claims are barred by virtue of the fact that Stephens anticipatorily breached or anticipatorily repudiated, or breached or repudiated, Stephens's employment contract with Funeral Home.

## SIXTH DEFENSE

The EEOC's claims are barred by the doctrines of waiver, estoppel, unclean hands, laches, and other equitable doctrines.

## SEVENTH DEFENSE

Some or all of the claims the EEOC asserts against Defendant Funeral Home are barred by applicable statutes of limitations.

## EIGHTH DEFENSE

The EEOC's claims are barred due to the fact that they are not brought in the true name of the party in interest and/or for the failure to join an indispensable party.

**NINTH DEFENSE**

The EEOC's claims are barred or diminished by Stephens's failure to mitigate Stephens's alleged damages.

**TENTH DEFENSE**

Stephens's damages, if any, are the direct and proximate result of Stephens's own actions and/or the actions of others over whom the Funeral Home has no control.

**WHEREFORE**, having fully answered, Funeral Home respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice, to award Funeral Home its attorney's fees and costs herein, and to award Funeral Home any and all further and other relief to which the Funeral Home is entitled by law or equity or as the Court determines is just.

JURY TRIAL DEMAND

Defendant requests a jury trial.

Respectfully submitted,

**KIRKPATRICK LAW OFFICES, P.C.**

*/s/ Joel J. Kirkpatrick*
Joel J. Kirkpatrick (P62851)
843 PENNIMAN AVE, Suite 201
PLYMOUTH, MI  48170
(734) 404-5710
(866) 241-4152 FAX
joel@JOELKIRKPATRICK.com


*/s/Joseph P. Infranco*
 Joseph P. Infranco, NY Bar No. 1268739
 Alliance Defending Freedom
 15100 N. 90th Street
 Scottsdale, AZ 85260
 (480) 444-0020
 (480) 444-0028 Fax
  jinfranco@alliancedefendingfreedom.org
 Attorneys for Defendant

5

Dated:  April 29, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on April 29, 2015 and was served electronically on all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

/s/ *Joel J. Kirkpatrick*
Joel J. Kirkpatrick (P62851)
