# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | <u>First Amended Complaint</u> |
| R.G. & G.R. HARRIS FUNERAL HOMES INC., | ) ) ) | <u>and Jury Demand</u> |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Aimee Stephens who was adversely affected by such practices.  As alleged with greater particularly in paragraphs 8 through 16 below, Defendant R.G. & G.R. Harris Funeral Home, Inc., fired Stephens, a transgender woman, because of sex.  Additionally, as alleged in paragraphs 12 and 17 below, Defendant discriminated against female employees by not providing them work clothing while providing work clothing to male employees.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, R.G. & G.R. Harris Funeral Home, Inc. (the "Employer"), a Michigan Corporation, has continuously been doing business in the State of Michigan and the

Cities of Detroit, Livonia, and Garden City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Stephens filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

8. Aimee Stephens had been employed by Defendant as a Funeral Director/Embalmer since October 2007.

9. Stephens adequately performed the duties of her position.

10. Stephens is a transgender woman. On or about July 31, 2013, Stephens informed Defendant Employer and her co-workers in a letter that she was undergoing a gender transition from male to

female and intended to dress in appropriate business attire at work as a woman from then on, asking for their support and understanding.

11.   On or about August 15, 2013, Defendant Employer's owner fired Stephens, telling her that what she was "proposing to do" was unacceptable.

12.   Since at least September 13, 2011, the Defendant Employer has provided a clothing allowance to male employees but not female employees.  Defendant Employer provides work clothes to male employees but provides no such assistance to female employees.

<u>STATEMENT OF CLAIMS</u>

13.   Paragraphs 8 through 12 are fully incorporated herein.

14.   Defendant engaged in unlawful employment practices at its Garden City, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Stephens because of sex.

15.   Defendant Employer's decision to fire Stephens was motivated by sex-based considerations.  Specifically, Defendant Employer fired Stephens because Stephens is transgender, because

4

of Stephens's transition from male to female, and/or because Stephens did not conform to the Defendant Employer's sex- or gender-based preferences, expectations, or stereotypes.

16.   The effect of the practices complained of in paragraphs 8 through 11 and 14 through 15 above has been to deprive Stephens of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

17.   Defendant engaged in unlawful employment practices at its Garden City, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by providing a clothing allowance/work clothes to male employees but failing to provide such assistance to female employees because of sex.

18.   The effect of the practices complained of in paragraphs 12 and 17 above has been to deprive a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

19.   The unlawful employment practices complained of in paragraphs 8 through 18 above were intentional.

20.   The unlawful employment practices complained of in paragraphs 8 through 18 above were done with malice or with

5

reckless indifference to the federally protected rights of Stephens and a class of female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice which discriminates against an employee or applicant because of their sex, including on the basis of gender identity.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of sex (including  gender identity), and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make Stephens whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

6

necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay for Stephens.

D.      Order Defendant Employer to make Stephens and a class of female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 18 above, including medical losses, job search expenses, and lost clothing allowances, in amounts to be determined at trial.

E.      Order Defendant Employer to make Stephens and a class of female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Stephens and a class of female employees punitive damages for its malicious or recklessly indifferent conduct described in paragraphs 8 through 18 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

7

H.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact

raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

<u>s/ Laurie A. Young</u>
LAURIE A. YOUNG
Regional Attorney

<u>s/ Kenneth Bird</u>
KENNETH BIRD
Supervisory Trial Attorney

<u>s/ Miles Shultz</u>
MILES SHULTZ (P73555)
Trial Attorney

8

Dated: May 19, 2015        <u>s/ Dale Price</u>
DALE PRICE (P55578)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Dale.Price@EEOC.GOV
Tel. No. (313) 226-7808
Fax No. (313) 226-6584

9