UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity
Commission,

    Plaintiff,

v.                                                              Case No. 14-13710

R.G. & G.R. Harris Funeral Homes,      Sean F. Cox
Inc.,                                                          United States District Court Judge

    Defendant.
_____/

## ORDER
## OVERRULING DEFENDANT'S OBJECTIONS
## TO MAGISTRATE JUDGE GRAND'S 9/24/15 DISCOVERY ORDER

In this action, the Equal Employment Opportunity Commission ("E.E.O.C.") asserts Title VII claims against Defendant R.G. & G.R. Harris Funeral Homes, Inc. ("the Funeral Home"). The matter is currently before the Court on the Funeral Home's Objections to Magistrate Judge David R. Grand's September 24, 2015 "Order Granting In Part And Denying In Part EEOC's Motion For Protective Order." (Docket Entry No. 34).

As the Funeral Home acknowledges, pursuant to Fed. R. Civ. P. 72(a), in considering the Funeral Home's objections to the magistrate judge's discovery order, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Having reviewed the magistrate judge's order and the Funeral Home's objections to it, this Court is convinced that the order is neither "clearly erroneous" nor "contrary to law" and ORDERS that the order shall remain as issued.

Although the magistrate judge correctly determined that this Court previously "rejected

1

the EEOC's claim that [the Funeral Home] violated Title VII by firing Stephens 'because she is transgender' and/or 'because of Stephens' transition from male to female,'" (*see* R&R at 2) and appropriately considered the nature of the Title VII termination claim that remains viable in this action in making his discovery rulings, the Funeral Home appears to fundamentally misunderstand the claims and theories that remain viable in this action. (*See* R&R at 2). The Funeral Home asserts, for example, that claims based on the above theories "remain in a kind of legal limbo," and therefore, the Funeral Home's discovery requests should be deemed relevant.

The Court disagrees. The Court clarifies here that this Court has *already rejected* the EEOC's theory that the Funeral Home's decision to fire Stephens violated Title VII because it was based on Stephens' status as a transgender person or the fact that Stephens was transitioning from male to female.

On September 25, 2014, the EEOC filed this action against the Funeral Home. The EEOC's original complaint alleged, in pertinent part, as follows in its "Statement of Claims" section:

> 14. Defendant engaged in unlawful employment practices at its Garden City, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Stephens because of sex.
>
> 15. Defendant Employer's decision to fire Stephens was motivated by sex-based considerations. Specifically, Defendant Employer fired Stephens because Stephens is transgender, because of Stephens's transition from male to female, and/or because Stephens did not conform to the Defendant Employer's sex- or gender-based preferences, expectations, or stereotypes.
> . . . .
> 17. Defendant engaged in unlawful employment practices at its Garden City, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by providing a clothing allowance/work clothes to male employees but failing to provide such assistance to female employees because of sex.

(Docket Entry No. 1 at 3-4).

In this Court's view, the EEOC asserted two different Title VII claims against the Funeral Home. First, the EEOC alleged that the Funeral Home violated Title VII by firing Stephens: 1) because Stephens is transgender; 2) because of Stephens's transition from male to female; and 3) because Stephens did not conform to the Funeral Home's sex or gender-based preferences, expectations, or stereotypes. (*Id.*). That is, the EEOC sought to prove that the Funeral Home's decision to fire Stephens violated Title VII based on three different theories.

Second, the EEOC alleged that the Funeral Home violated Title VII by "providing a clothing allowance/work clothes to male employees but failing to provide such assistance to female employees."

The Funeral Home challenged the first Title VII claim alone in its Motion to Dismiss. The Funeral Home asked the Court to rule that, as to the claim challenging Stephens's termination as violative of Title VII, the EEOC failed to state a claim upon which relief may be granted.

In its Opinion & Order (Docket Entry No. 13), this Court denied the Funeral Home's Motion to Dismiss. In doing so, however, this Court clearly rejected two of the three theories that this claim was based upon. That is, this Court rejected the EEOC's theory that the Funeral Home's decision to fire Stephens violated Title VII because it was based on Stephens' status as a transgender person or the fact that Stephens was transitioning from male to female. The Court ruled, however, that the EEOC could pursue the Title VII claim based upon the theory that Stephens's failure to conform to sex stereotypes was the driving force behind the termination. Thus, this Court concluded "that the EEOC's complaint states a claim as to Stephen's

termination."  (*Id.* at 2).

                                                    S/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated:  November 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 25, 2015, by electronic and/or ordinary mail.

                                                  S/Kelly Winslow for Jennifer McCoy
                                                  Case Manager Generalist