**EXHIBIT T**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) R.G. & G.R. HARRIS FUNERAL HOMES INC., ) ) ) Defendant. ) | CIVIL ACTION NO. 2:14-CV-13710 Hon. Sean F. Cox |

LAURIE A. YOUNG
KENNETH BIRD
DALE PRICE (P55578)
MILES SHULTZ
EMPLOYMENT
OPPORTUNITY COMMISSION
Attorneys for Plaintiff
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-7808
Dale.Price@eeoc.gov

JOEL J. KIRKPATRICK
JOEL J. KIRKPATRICK, P.C.
Attorney for Defendant
843 Penniman Ave. Ste. 201
Plymouth, MI 48170
(734) 404-5170
Joel@JoelKirkpatrick.com

**DEFENDANT R.G. & G.R. FUNERAL HOMES, INC.'S ANWERS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant R.G. & G.R. Funeral Homes, Inc. answers Plaintiff's First Set of Discovery Requests, including Interrogatories, Requests for Production of Documents, and Requests for Admissions, as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's instructions and definitions to the extent they seek disclosure

of information protected by the attorney client-privilege and/or the attorney work product doctrine. Furthermore, Defendant objects to the interrogatories to the extent they request information from any and all agents, attorneys, investigators, consultants, experts, and other representatives Defendant has retained.

2. Defendant objects to each and every interrogatory to the extent they call for information to which Plaintiff has equal or greater access than Defendant.

3. Defendant objects to each and every interrogatory to the extent they require Defendant to obtain and compile information from third parties.

4. Defendant objects to Plaintiff's definition of "you" and "your" to the extent Plaintiff seeks to obtain information outside Plaintiff's personal knowledge and/or seeks information protected by the attorney client privilege and or work product doctrine.

5. Defendant objects to Plaintiff's interrogatories to the extent they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure or Court orders in this action.

Defendant objects to the several pages of instructions to the extent they create burdens going well beyond those required by the Federal Rules of Civil Procedure governing discovery. Defendant further objects to the scope and reach of the instructions as applied to the Interrogatories, Request for Documents, and/or Requests for Admissions to the extent such creates burdens beyond those generally accepted in discovery practice. Defendant objects to those portions of the instructions which render null and void the plain meaning of the English language and which seek to shift the burden of clarity in communication from the proponent of the Interrogatories to the respondent. Defendant also objects to the requirement of Plaintiff to sign the declaration under oath for the requests for admissions, which is not contemplated by

either the Federal Rules of Civil Procedure 36 or the MSPB regulations. Without waiving any objection, and in the interest of cooperation, the following responses are tendered:

### DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify all persons who prepared or assisted in the preparation of Defendant's responses to these interrogatories, document requests, and request for admissions. For each person provide:

    a. Official title;
    b. Business address and telephone number; and
    c. Which interrogatories, document requests, and/or request for admission the person(s) prepared or assisted in preparing.

**ANSWER: Tom Rost, President and Owner of Defendant of R.G. & G.R. Funeral Homes, Inc., 31551 Ford Road Garden City, MI 48135 (734) 425-9200. Mr. Rost assisted counsel of record with responding to all requests.**

2. Identify all persons who prepared or assisted in the preparation of the following documents provided to the Commission regarding Charge No. 471-2013-03381: Defendant's Position Statement (undated but received by the EEOC on September 31, 2013), and Defendant's January 10, 2014, Response to Request for Information. For each person provide:

    a. Official Title;
    b. Business address and telephone number; and
    c. Which letter or portion of the letter each person(s) prepared or assisted in preparing, or which information each person(s) provided.

**ANSWER: Tom Rost, president and owner of defendant, whose business address and telephone number are provided above. Mr. Rost assisted Attorney Joel Kirkpatrick.**

3. Identify all of the reasons Defendant terminated Stephens, when the decision was made, and identify by name and job title all persons who made or were consulted in this decision. For each person identified, state the role he/she played in the process, provide his/her current employment status, and, if no longer employed, provide his/her last known address, phone number and Social Security number.

**ANSWER: Thomas F. Rost, President of R.G. & G.R. Funeral Homes, Inc., made the decision to terminate Stephens from employment. The decision was made shortly prior to the date of termination. Stephens was terminated for his anticipatory refusal to comply with the Defendant's male dress/grooming policy, which is, for legitimate business reasons,**

3

applied to and imposed upon all the Defendant's male employees. Stephens unwillingness to comply with company policy would have had a deleterious financial impact on Defendant's business operation and would have been contrary to the funeral home industry standard for conducting funeral services and related business activities. ==Stephens intentions also violated Mr. Ross's sincerely held religious beliefs.==

4. Identify all of the reasons why Stephens was not allowed to present as a woman at work.

**ANSWER:** please see response to interrogatory # 3.

5. State in dollar amounts Defendant's:

    a. Year-end net and gross revenue for each year from 2012-2015 and continuing through trial;
    b. Year-end operating expense for each year from 2012-2015 and continuing through trial;
    c. Identify the individual(s) who can testify to sub-parts (a) and (b) of this interrogatory, and identify the job title of each person identified.

**ANSWER:** Defendant incorporates his general objections. The Defendant objects to this interrogatory to the extent it is overly broad, not properly limited in time or scope, and seeks information not relevant to the claims or defenses of either party or reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is premature and unduly burdensome for the defendant.

6. Describe in detail the functions performed by funeral home directors/embalmers.

**ANSWER:** A funeral director is one whose profession is assisting surviving families and friends with the planning and carrying out of all aspects of caring for a decedent and the decedent's family, including removal of remains, embalming and cremation, making funeral and memorial arrangements, making sure funerals and memorial services are carried out in accordance with the decedents' and survivors' desires, and assisting survivors through the emotional distress that accompanies the loss of a loved one. The Funeral director helps safeguard the mental and emotional health of the survivors and the living. Therefore, at the time of a family crisis, through death, the Funeral Director needs to be able to function as a supportive counselor concerning coping with grief, helping on funerals, handling arrangements, legal documents, etc. The Funeral Director is always prepared to respond immediately in bringing the deceased to the funeral home where embalming may take place, or the remains are placed in a temperature controlled facility. The Funeral Director is responsible for initiating and coordinating the many details of these arrangements. These responsibilities include making the removal/transfer of the

remains to our care from where death has occurred whether it be from a residence, hospital, nursing home and/or hospice facility. The Funeral Director is responsible for meeting with the next of kin, completing obituary notices, assisting survivors with the selecting of funeral services and merchandise, processing death certificates, filing for insurance, union benefits, and social security benefits, arranging the details of funeral and memorial services, appearing at funeral and memorial services, and accompanying families and friends of the deceased to and at burials.

Throughout all the time the Funeral Director spends with the bereaved, the Funeral Director must be sensitive to their needs and perceptive enough to sense their unspoken concerns. The Funeral Director must be discreet as well as helpful. Funeral Directors – in both appearance and behavior - must perform their professional duties without drawing undue attention to themselves or causing the survivors any more stress than absolutely necessary. Indeed, the Funeral Director's job is, to the extent possible, to lessen and protect the survivors from unnecessary stress. . This time is about the grieving survivors, and it is our responsibility to assist them in all aspects of arrangements. The Funeral Director needs to be respectful of all religious facilities at which services are conducted. Assistance is also given to families for final disposition, to which end we are often called upon to make appropriate arrangements with cemeteries, churches, and crematories.

Funeral Directors must be knowledgeable in explaining death to children, coping with grief and many aspects of loss through death. The Funeral Director also must have the knowledge, training and attitude to advise and provide resources for people in times of grief. All of the funeral service must involve care for the deceased and also a genuine concern for life and the living.

7. Describe in detail the complete compensation package for funeral home directors/embalmers, including but not limited to pay, insurance, retirement plans, leave, etc.

ANSWER: We provide a very competitive wage or salary. Health Insurance is provided for full time employees. We also provide life Insurance, and a Simple IRA package is offered for their contribution. We also provide vacation pay and compensated sick days. A Funeral Director's salary range is generally between $35,000 and $50,000 annually.

8. To the extent not in writing, describe in detail Defendant's dress code policy.

ANSWER: See attached employee handbook for the policy. (Bates pages 2-3)

9. Identify all complaints lodged against the Defendant from January 1, 2010, to present, including but not limited to lawsuits or charges, verbal or written, regarding Equal

5

Employment Opportunity laws, including but not limited the Civil Rights Act of 1964 as amended, the Americans With Disabilities Act of 1990 as amended, the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, the Genetic Information Nondiscrimination Act of 2008, Elliot-Larsen Civil Rights Act of 1976 as amended, and any local municipal or county ordinances.

   a. For each, identify the complaining party, the allegation, and the resolution.

**ANSWER: None**

10. Identify all training programs given by the Defendant from January 1, 2010, to present regarding Equal Employment Opportunity laws, including but not limited the Civil Rights Act of 1964 as amended, the Americans With Disabilities Act of 1990 as amended, the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, the Genetic Information Nondiscrimination Act of 2008, Elliot-Larsen Civil Rights Act of 1976 as amended, and any local municipal or county ordinances.

    a. For each program list the date, who conducted the training, and who attended the training.

**ANSWER: None**

11. To the extent you deny, in whole or in part, any of the requests for admission below, provide a detailed description of the facts upon which you base that denial, including an identification of the Bates number of any documents that support each denial.

**ANSWER: Defendant incorporates its general objections herein. Defendant specifically objects to any request that exceeds the requirements of the Federal Rules of Civil Procedure. The Federal rules require only three responses for requests for admissions.**

12. Identify by position and gender all employees who Defendant has given a clothing allowance since January 1, 2010.

**ANSWER: See attached document (Bates pages 17-18)**

13. For each such person identified in response to Interrogatory 12, calculate the total dollar value of clothing allowances given since January 1, 2010.

**ANSWER: See attached document (Bates pages 17-18)**

### DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUEST FOR THE PRODUCTION OF DOCUMENTS

1. Provide any and all documents relied upon or used in answering the interrogatories and requests for admissions, and identify which Interrogatory or Request for Admission the document relates to.

**ANSWER: See attached documents (Bates pages 1-18)**

2. Produce all communications, including but not limited to all memorandums and electronic mail, regarding Stephens's request to present as a woman.

**ANSWER: Defendant incorporates its general objections herein. The Defendant objects to this Request on the grounds of attorney-client privilege. The Defendant objects to this request to the extent it is overly broad, not properly limited in time or scope, and seeks information not relevant to the claims or defenses of either party or reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request is unduly burdensome for the Defendant.**

3. Produce all communications, including but not limited to all memorandums and electronic mail, regarding Defendant's termination of Stephens.

**ANSWER: Defendant incorporates his general objections herein. The Defendant objects to this Request on the grounds of attorney-client privilege. The Defendant objects to this request to the extent it is overly broad, not properly limited in time or scope, and seeks information not relevant to the claims or defenses of either party or reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request is unduly burdensome for the Defendant.**

4. Produce a copy of all operative employee handbooks from January 1, 2010, to present.

**ANSWER: See attached documents (Bates pages 1-8)**

5. Produce all job descriptions for Stephens's position and for all other funeral director and/or embalmer positions.

**ANSWER: See response to interrogatory #6. There are no written job descriptions for Stephens positions. Defendant relies on the industry standard for job description.**

7

6. Produce any and all advertisements for Stephens's position and for all other Funeral Director/Embalmer positions at Defendant from January 1, 2010, to present.

**ANSWER: None**

7. Provide a full copy, with all attachments, of the most recent corporate federal tax return by Defendant and all federal tax returns filed by Defendant through the date of trial.

**ANSWER: Defendant incorporates his general objections hereto. The Defendant objects to this request to the extent it is overly broad, not properly limited in time or scope, and seeks information not relevant to the claims or defenses of either party or reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request is unduly burdensome for the Defendant.**

8. Produce the complete personnel and medical files for Stephens.

**ANSWER: Please see attached documents.(Bates pages 9-16)**

9. Produce all documents that support the denial of any of the Requests for Admissions.

**ANSWER: Defendant incorporates its general objections herein. Defendant specifically objects to any request that exceeds the requirements of the Federal Rules of Civil Procedure. .**

10. Produce all Defendant's operative dress code policies from January 1, 2010 to present.

**ANSWER: Please see attached documents. (Bates pages 2-3)**

11. To the extent not already provided, produce complete unredacted copies of all personnel files for each current or former employee of Defendant identified in the Commission's Rule 26 Disclosures.

**ANSWER: Defendant incorporates its general objections herein. The Defendant objects that this Request violates the privacy act and the privacy rights of employees. The Defendant objects to this Request to the extent it is overly broad, not properly limited in time or scope, and seeks information not relevant to the claims or defenses of either party**

or reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request is unduly burdensome for the defendant.

12. Produce the Defendant's clothing allowance policy.

**ANSWER: Please see attached documents. (Bates pages 17-18)**

13. Produce documents pertaining to the operation of the Defendant's clothing allowance policy, including receipts, reimbursement documents and the like.

**ANSWER: Defendant incorporates its general objections hereto. This Request is unduly burdensome. Without waiving said objection, please see attached documents. (Bates pages 17-18) Defendant continues to search for responsive documents and will supplement this Request should any further documents responsive to this Request be discovered.**

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

1. Admit that all conditions precedent to the institution of this lawsuit have been fulfilled.

   **ANSWER: Objection. This request seeks a conclusion of law and is vague. To the extent that a response is required, this Request for Admission is denied.**

2. Admit that Defendant employed between 15 and 100 employees in the United States in years 2011, 2012, and 2013.

   **ANSWER: Admit.**

3. Admit that Defendant fired Stephens because she intended to present as a female at work.

   **ANSWER: Denied.**

4. Admit that Defendant provides male employees a clothing allowance but not female employees.

   **ANSWER: Denied.**

5. Admit that Defendant has never employed a female funeral director or embalmer.

   **ANSWER: Admit.**

AS TO ALL LEGAL OBJECTIONS

**JOEL J. KIRKPATRICK, P.C..**

*/s/ Joel J. Kirkpatrick*

**JOEL J. KIRKPATRICK, P.C.**

*/s/ Joel J. Kirkpatrick*
JOEL J. KIRKPATRICK(P 62851)
Attorney for Defendant
843 Penniman Ave., Ste. 201
Plymouth, MI 48170
Tel. (734)404-5170
Joel@JoelKirkpatrick.com

**ALLIANCE DEFENDING FREEDOM**

*/s/ Joseph P. Infranco*

                        JOSEPH P. INFRANCO
                        15100 N. 90th Street
                        Scottsdale, AZ85260
                        Tel. No. (480) 444-0020
                        JInfranco@alliancedefendingfreedom.org

Dated: June 19, 2015

**CERTIFICATE OF SERVICE**

The undersigned has certified that *Defendant R.G. & G.R. Harris Funeral Home, Inc.'s Answers to Plaintiff's First Set of Discovery Requests* has been served on Plaintiff via first class and electronic mail on June 19, 2015, at the address set forth above.

Respectfully submitted,

/s/ Joel J. Kirkpatrick