IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) 2:14-CV-13710 ) |
| v. | ) Hon. Sean F. Cox ) |
| R.G. & G.R. HARRIS FUNERAL HOMES, INC., | ) Magistrate Judge ) David R. Grand ) |
| Defendant. | ) |

**Reply Brief in Support of EEOC's
Motion for Summary Judgment**

# Table of Contents

Table of Authorities ............................................................................... iii

I.   Defendant's Dress Code Does Not Constitute A Legitimate
     *Non-Discriminatory* Reason. .................................................... 1

     A.  Defendant Fails to Address the Stereotype Evidence............. 1

     B.  The Dress Code Evinces Stereotyping. ................................. 2

II.  Defendant's RFRA Claim Must Fail........................................... 4

     A.  Enforcement Here is Narrowly Tailored. .............................. 4

     B.  The Applicable Precedent is Against Defendant. ................... 6

     C.  The EEOC Should Prevail on the Clothing Allowance. .......... 7

III. Conclusion ................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burwell v. Hobby Lobby,*
   134 S. Ct. 2751 (2014) ........................................................................ 6, 7

*Carey v. Mt. Desert Island Hosp.,*
   156 F.3d 31 (1st Cir. 1998) ...................................................................... 1

*EEOC v. Fremont Christian School,*
   781 F.2d 1362 (9th Cir. 1986) .................................................................. 6

*EEOC v. Tree of Life Christian Schools,*
   751 F. Supp. 700 (S.D. Ohio 1990) ............................................................ 6

*Ohio Civil Rights Comm. v. Dayton Christian Schools, Inc.,*
   477 U.S. 619 (1986) ............................................................................ 1, 6

I. **DEFENDANT'S DRESS CODE DOES NOT CONSTITUTE A LEGITIMATE *NON-DISCRIMINATORY* REASON.**

**A. Defendant Fails to Address the Stereotype Evidence.**

Nowhere in its Response does Defendant deny that Rost holds discriminatory stereotypes of how men and women are supposed to behave and present in the workplace. Instead, Defendant conflates two questions: (1) whether its actions were sex discrimination and (2) whether RFRA provides a defense because those actions were religiously motivated. These are separate questions. *See, e.g., Ohio Civil Rights Comm. v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 628 (1986) (in holding that federal-court abstention was warranted, distinguishing between sex discrimination and a free-exercise defense).

Defendant does not deny that (1) Rost thinks persons should conform to and present as their birth sex dictates and (2) he fired Stephens because she wanted to present as a woman in female clothing. These admissions compel a finding of sex discrimination because his beliefs are driven by gender stereotypes. *See Carey v. Mt. Desert Island Hosp.*, 156 F.3d 31, 38 (1st Cir. 1998) (anti-male statements by employer supported finding of Title VII sex discrimination).

1

### B. The Dress Code Evinces Stereotyping.

Defendant asserts that its dress code is no different from those upheld by various courts and that the Commission's lawsuit is an assault on all sex-specific dress codes. Dkt. 60 at Pg ID 1782-1785. Defendant is wrong for two reasons.

First, this action is not such an assault. Rather, the EEOC asserts that (i) Rost's interpretation and enforcement of Defendant's dress code to require an employee to only wear clothing associated with his or her birth gender violates Title VII and (ii) Defendant's dress allowance facially discriminates on the basis of sex.

Second, Defendant's interpretation of its dress code as requiring Stephens to dress in male attire even though she is a transgender female distinguishes this dress code from those upheld by other courts for an essential reason: Defendant admits that the code is grounded in the very stereotypes Rost used to fire Stephens. Dkt. 55 at Pg ID 1692-1693 (¶ 56). In other words, one of the purposes of the code is to enforce Rost's stereotypes about how men and women are supposed to behave and present themselves—stereotypes grounded in his personal preferences,

2

not work requirements. Ex. AD, Rost Dep. 51:13-16.

Defendant further demonstrates that it is operating under stereotypical thinking, assuming that dress codes must

> be based on the employee's biological sex rather than his or her gender identity. Otherwise, the sex-specific nature of the dress code is not useful for controlling the image of the employer's business.

Dkt. 60 at Pg ID 1789. Defendant does not support this assumption with any precedent, and none exists. The notion that that presenting according gender identity is invariably "distracting"—even harmful—is a premise grounded in his stereotypes.

Defendant has never verified the physical anatomy of any employee to see whether they were conforming "biologically" with its code—nor should it. Nor should any other employer. Indeed, for all Defendant knows, it has unknowingly employed transgender persons who presented according to their gender identity.

Finally, Defendant's argument that people would daily switch back and forth between male and female clothing is another unsupported assumption about persons such as Stephens. An employer can expect persons to adhere to a sex-specific dress code and not change back and

3

forth.

Since Defendant's dress code is tainted by and serves Rost's stereotypes *it cannot be a non-discriminatory reason for discharge.* Consequently, summary judgment is warranted in Plaintiff's favor.

## II. DEFENDANT'S RFRA CLAIM MUST FAIL.

### A. Enforcement Here is Narrowly Tailored.

Defendant's RFRA arguments have evolved considerably. Defendant did not invoke RFRA at all during the investigation (Dkt. 51 at Pg ID 619); in response to discovery, Defendant referred to Stephens's "intentions violating Rost's beliefs" (Dkt. 51 at Pg ID 832); at his deposition, Rost identified his religious exercise as placement of the prayer cards and devotionals (Dkt. 51 at Pg ID 608-609); now, Defendant has expanded the defense to claim that the funeral home "is not just a business, it is the embodiment of Rost's religious exercise." Dkt. 60 at Pg ID 1792. Regardless of how Defendant's argument develops, RFRA provides no defense here. Even if the Court accepts the argument that Defendant has been substantially burdened by the prospect of employing someone to which it has a religious objection, it has not won. The

4

Commission prevails because the securing of Aimee Stephens's Title VII rights is narrowly tailored to enforce the government's compelling interest in eradicating sex discrimination.

The narrow tailoring can be seen in the process of this investigation and litigation. The Commission followed the carefully calibrated requirements of Title VII, provided Defendant with notice of the Charge and ample opportunity to respond. Defendant was able to submit counter-proposals to settle. The Commission's enforcement action was precisely tailored to the claims that arose from the Charge and investigation. These actions are intended to create a workplace free of sex discrimination for an admittedly qualified funeral director and embalmer, in accordance with a federal law that has never been found to be trumped by RFRA.

Defendant asks permission to employ only those who dress according to Rost's religious dictates. Dkt. 60 at Pg ID 1794. *See* Dkt. 51 at Pg ID 625-630; Dkt. 63 at Pg ID 1933-1940. Defendant's RFRA argument would insulate it from liability under *any* employment statute so long as it could assert an imposition on Rost's religious practices.

5

Consider a female employee at RGGR who needed to wear pants instead of skirts for medical reasons (to accommodate the wearing of compression-garment pants, for example). Defendant's expansive claims would likewise offer immunity from the Americans with Disabilities Act.

### B. The Applicable Precedent is Against Defendant.

Defendant attempts to evade *Burwell v. Hobby Lobby*, 134 S. Ct. 2751 (2014). But precedent suggests that eliminating employment discrimination is a compelling governmental interest. *See, e.g., Dayton Christian Schools, Inc.*, *supra*, 477 U.S. at 628 (observing that the elimination of sex discrimination in employment is an important state interest); *EEOC v. Fremont Christian School*, 781 F.2d 1362, 1368-69 (9th Cir. 1986) (emphasizing that Congress intended to eliminate all forms of discrimination set forth under Title VII); *EEOC v. Tree of Life Christian Schools*, 751 F. Supp. 700, 712 (S.D. Ohio 1990) ("the Equal Pay Act advances compelling state interests, interests of the highest order"). While it is true that employment discrimination was not at issue in *Hobby Lobby*, it is also true that concerns about RFRA's impact on civil rights laws *were* stated. The dissent expressed concern that employment

6

civil rights might be negated by a ruling in favor of Hobby Lobby, but the Court responded by saying that it would not. Thus, the opinion cannot be so cavalierly dismissed.

### C. The EEOC Should Prevail on the Clothing Allowance.

Defendant still refuses to admit that it did not begin to provide its current stipend to female employees until after the litigation began.[1] *See* Dkt 51 at Pg ID 615. And the stipend that Defendant now pays remains inferior to the clothing allowance given to males. Dkt. 51 at 614-616, 636-638; Dkt. 63 at Pg ID 1944-1945. Consequently, summary judgment in favor of the Commission remains appropriate.

### III. CONCLUSION

For the reasons set forth above and in Dkts. 51 and 63, the Commission respectfully asks the Court to grant summary judgment in the Commission's favor.

|  |  |
|---|---|
| Dated: May 19, 2016 | Respectfully submitted,<br>s/ Dale Price<br>DALE PRICE (P55578) |

---

[1] Defendant's argument that the Commission cannot raise the clothing allowance because it was not part of Stephens's Charge is wholly without merit. The precedent indicates that the Commission does not have to ignore facts that come to its attention during an investigation. *See* Dkt. 63 at Pg ID 1941-1944.

## Certificate of Service

     I hereby certify that on May 19, 2016, I electronically filed the forgoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all record attorneys.

                                          EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION

Dated: May 19, 2016              s/ Dale Price
                                          DALE PRICE (P55578)
                                          Trial Attorney