# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 27, 2017

Mr. Richard Brian Katskee
Americans United for Separation of Church and State
1310 L Street, N.W., Suite 200
Washington, DC 20005

Mr. Jordan W. Lorence
Alliance Defending Freedom
440 First Street, N.W., Suite 600
Washington, DC 20001

Mr. Gregory R. Nevins
Lambda Legal Defense and Education Fund
Southern Regional Office
730 Peachtree Street, N.E., Suite 1070
Atlanta, GA 30308-1210

Ms. Anne Noel Occhialino
U.S. Equal Employment Opportunity Commission
Office of General Counsel
131 M Street, N.E., 5SW20L
Washington, DC 20507

Re: Case No. 16-2424, *EEOC v. R.G. &. G.R. Harris Funeral*
    Originating Case No. : 2:14-cv-13710

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jeanine R. Hance on behalf of Renee Jefferies
Case Manager
Direct Dial No. 513-564-7021

cc: Mr. Gary McCaleb
    Mr. Douglas G. Wardlow
    Mr. David J. Weaver

Enclosure

No. 16-2424

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | FILED<br>Mar 27, 2017<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) | O R D E R |
| v. | ) ) | |
| R.G. & G.R. HARRIS FUNERAL HOMES, INC., | ) ) | |
| Defendant-Appellee. | ) ) | |

Before: GILMAN and GIBBONS, Circuit Judges; HOOD, District Judge.[*]

In this action under Title VII, the Equal Employment Opportunity Commission ("EEOC") appeals the partial dismissal of its complaint and the partial summary judgment for R.G. & G.R. Harris Funeral Homes, Inc. ("Harris"). The charging party, Aimee Stephens, moves to intervene as a matter of right or, alternatively, permissively. The EEOC has not responded to the motion. Harris opposes intervention, and Stephens replies.

We may grant a motion to intervene as a matter of right, Fed. R. Civ. P. 24(a), or as a matter of discretion, Fed. R. Civ. P. 24(b). Rule 24 is "broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). To intervene as a matter of right, the movant must satisfy four elements: that the request for intervention is timely; that the movant has a substantial legal interest in the case; that the movant's interest will be impaired absent intervention; and that the parties already before the court cannot adequately represent that

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Case 2:14-cv-13710-SFC-DRG   ECF No. 82-2 filed 03/27/17   PageID.2306   Page 3 of 4 (3 of 4)
Case: 16-2424    Document: 28-2    Filed: 03/27/2017    Page: 2

No. 16-2424
-2-

interest. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). For permissive intervention, a movant's request must be timely and there must be "at least one common question of law or fact." *Id.*

Thus, under both subsections, the threshold issue is timeliness. *Blount-Hill v. Zelman*, 636 F.3d 278, 283−84, 287 (6th Cir. 2011). In evaluating timeliness, we consider: (1) the point to which the suit has progressed; (2) for what purpose intervention is sought; (3) the length of time preceding the motion during which the intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to seek intervention sooner after recognizing her interest was implicated; and (5) any unusual circumstances weighing for or against intervention. *See id.* at 284. No single factor is determinative; instead, timeliness "should be evaluated in the context of all relevant circumstances." *Stupak-Thrall*, 226 F.3d at 472−73.

Given that Stephens knew or should have known about this case at the outset, her delay in seeking to intervene suggests that her request is untimely. *See United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001). But "[t]he absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances." *Stupak-Thrall*, 226 F.3d at 475. The "more critical factor is what steps occurred along the litigation continuum *during* this period of time." *Id.* Until recently, Stephens had no reason to question whether the EEOC would continue to adequately represent her interests. Measuring the timing of Stephens's motion against current events, however, her request to intervene is timely—if not premature. The EEOC's recent actions imply that the new administration will less aggressively pursue transgender rights. Thus, while Stephens's fears that the EEOC will not support her case or withdraw from her case have yet to crystallize, the totality of the circumstances supports permitting her to intervene. Harris should not be prejudiced, given Stephens's concession in her reply that she does not intend to raise new issues. Stephens's

Case 2:14-cv-13710-SFC-DRG ECF No. 82 filed 03/27/17 PageID.2307 Page 4 of 4
Case: 16-2424 Document: 28-2 Filed: 03/27/2017 Page: 5 (4 of 4)

No. 16-2424
-3-

intervention will also serve judicial economy, should the EEOC withdraw, because it will not require delaying the case for another motion to intervene or additional briefing.

The remaining criteria support Stephens's intervention, either as a matter of right or permissively. With regard to intervention as a matter of right, Stephens unquestionably possesses a substantial legal interest in this case. And the remaining requirements are minimal ones: a movant need only show that representation of her interest "may be" inadequate. *Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1007−08 (6th Cir. 2006). She has met that minimal burden here. And, because Stephens is raising at least some of the same legal issues, permissive intervention is also favored.

The motion to intervene is therefore **GRANTED**, for briefing purposes only. Stephens shall file her brief on or before twenty days from the date of entry of this order. Harris's briefing time shall not begin until Stephens files her brief. Should the appeal be scheduled for oral argument, Stephens may move the court at that time for permission to participate. *See* 6th Cir. R. 24(e).

                              ENTERED BY ORDER OF THE COURT

                              Deborah S. Hunt, Clerk