# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Equal Employment
Opportunity Commission,

            Plaintiff,

v.

R.G. & G.R. Harris Funeral
Homes, Inc.,

            Defendant.

Civil Action No. 2:14-cv-13710
Hon. Sean F. Cox
Magistrate Judge David A. Grand

## DEFENDANT R.G. & G.R. HARRIS FUNERAL HOMES, INC.'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S PETITION FOR A WRIT OF CERTIORARI AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant R.G. & G.R. Harris Funeral Homes, Inc. ("Harris Homes") moves this Court for an order staying proceedings in this case pending resolution by the United States Supreme Court of the Petition for a Writ of Certiorari filed by Harris Homes on July 20, 2018. Pursuant to Local Rule 7.1(a)(2)(A), Counsel for Harris Homes conferenced with Counsel for Plaintiff Equal Employment Opportunity Commission ("EEOC") and explained the nature of this motion and its legal basis. Counsel for EEOC responded that EEOC does not oppose the relief sought in this motion.

1

For the reasons set forth more fully in the accompanying Memorandum of Law, Harris Homes requests that the Court enter a text-only order stating that further proceedings in this case are stayed pending resolution by the United States Supreme Court of Defendant's Petition for a Writ of Certiorari.

Dated: July 26, 2018

                                                  Respectfully submitted,

                                                  /s/ Douglas G. Wardlow
                                                  Douglas G. Wardlow (MN Bar 0339544)
                                                  14033 Commerce Avenue NE, #300-310
                                                  Prior Lake, MN 55372
                                                  (612) 840-8073
                                                  dwardlowlaw@gmail.com

                                                  James A. Campbell (AZ Bar 026737)
                                                  Joseph P. Infranco (NY Bar 1268739)
                                                  Bradley S. Abramson (AZ Bar 029470)
                                                  ALLIANCE DEFENDING FREEDOM
                                                  15100 N. 90th Street
                                                  Scottsdale, AZ 85260
                                                  (480) 444-0020
                                                  (480) 444-0028 Fax
                                                  jcampbell@ADFlegal.org
                                                  jinfranco@ADFlegal.org
                                                  babramson@ADFlegal.org

                                                  Joel J. Kirkpatrick (P62851)
                                                  JOEL J. KIRKPATRICK, P.C.
                                                  843 Penniman Ave., Suite 201
                                                  Plymouth, MI 48170
                                                  (734) 404-5710
                                                  (866) 241-4152 Fax
                                                  joel@joelkirkpatrick.com

                                                  *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>      Plaintiff,<br><br> v.<br><br>R.G. & G.R. Harris Funeral Homes, Inc.,<br><br>      Defendant. | Civil Action No. 2:14-cv-13710<br>Hon. Sean F. Cox<br>Magistrate Judge David A. Grand |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT R.G. & G.R. HARRIS FUNERAL HOMES, INC.'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S PETITION FOR A WRIT OF CERTIORARI**

Defendant R.G. & G.R. Harris Funeral Homes, Inc. ("Harris Homes") moves this Court to stay proceedings in this case pending resolution by the United States Supreme Court of Harris Homes' Petition for a Writ of Certiorari ("the petition") filed on July 20, 2018. The petition seeks review of the Sixth Circuit's ruling for Plaintiff Equal Employment Opportunity Commission on its wrongful-termination claim in this matter. Pursuant to Local Rule 7.1(a)(2)(A), Counsel for Harris Homes conferenced with Counsel for Plaintiff Equal Employment Opportunity Commission ("EEOC") and explained the nature of this motion and its legal basis. Counsel for EEOC

1

responded that EEOC does not oppose the relief sought in this motion. Harris Homes requests that the Court enter a text-only order stating that further proceedings in this case are stayed pending resolution by the United States Supreme Court of Defendant's Petition for a Writ of Certiorari.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Accordingly, the entry of a stay "ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977). Here, the Court can best achieve an efficient resolution of this case by granting the requested stay.

Harris Homes' petition presents two questions:

    1.    Whether the word "sex" in Title VII's prohibition on discrimination "because of . . . sex," 42 U.S.C. 2000e-2(a)(1), meant "gender identity" and included "transgender status" when Congress enacted Title VII in 1964.

    2.    Whether *Price Waterhouse* v. *Hopkins*, 490 U.S. 228 (1989), prohibits employers from applying sex-specific policies according to their employees' sex rather than their gender identity.

As Harris Homes explains in its petition, with respect to the first question, there is a three-way split between the Circuits. And a split of authority exists on the second

2

question. Given that the petition involves two questions over which there is a developed split between the circuits, there is a reasonable probability that four Justices of the Supreme Court will grant certiorari. *See* Supreme Court Rule 10 (listing a U.S. Court of Appeals "decision in conflict with the decision of another United States court of appeals" as a reason for granting review).

Because both of the questions for which Harris Homes seeks review bear directly on the remaining issues left to be adjudicated in the district court, staying the proceedings pending the Supreme Court's resolution of the petition will best achieve the efficient resolution of this case. The Sixth Circuit granted summary judgment to the EEOC on its unlawful-termination claim, but the damages for that claim remain to be adjudicated at trial. Slip Op. at 49. If the Supreme Court grants the petition, it will undoubtedly decide whether the termination was unlawful—and thus whether Harris Homes is liable for damages—so a trial on damages may ultimately be unnecessary. The court of appeals also remanded the clothing-allowance claim "with instructions to consider the merits of the EEOC's claim." *Id.* Any potential liability for that claim cannot be adjudicated with finality until the Supreme Court resolves the pending petition. That is because the Supreme Court's ruling will implicitly decide whether Complainant Stephens is a member of the group of employees who were allegedly disadvantaged by the clothing-allowance policy. Accordingly, granting the stay will help the parties and the Court avoid later supplemental briefing and/or needless expenditures of time and money on a trial.

This Court is within its discretion to grant the stay because—at most—the stay will end in less than one year. *Ohio Envtl. Council*, 565 F.2d at 396 (quotation marks and citations omitted) (stay must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description"). The petition was docketed on July 24, 2018. A response to the petition is due August 23, 2018. A petition is distributed to the Court for its consideration as soon as a waiver of the right to file a brief in opposition is received, or if a response is filed, no less than 14 days after that. *See* Supreme Court Rule 15. Thus, if the petition stays on its current timeline, it will be conferenced as early as September 24, 2018. *See* Summer 2018 Case Distribution Schedule, https://www.supremecourt.gov/casedistribution/casedistributionschedule2017_Summer2018.pdf (noting items set for distribution on September 6, which is 14 days following the August 23 deadline, will be considered at the September 24, 2018 conference). And "[i]n most cases, the disposition of a petition . . . will be announced in an order list that is issued at 9:30 am on the Monday after that Conference." *See* Supreme Court, Case Distribution Schedule, https://www.supremecourt.gov/casedistribution/casedistributionschedule.aspx (last visited July 24, 2018). If the Supreme Court denies the petition, the requested stay will end as soon as that happens, but even if the Court grants review, its longstanding practice ensures that it will decide the case before the upcoming term ends. Harris Homes thus seeks a stay of proceedings that is limited in time, and granting it would serve the efficient administration of justice.

## **CONCLUSION**

For the foregoing reasons, Harris Homes respectfully requests that the Court grant its motion to stay proceedings pending the Supreme Court's resolution of its Petition for a Writ of Certiorari.

Dated: July 26, 2018

                                            Respectfully submitted,

                                            /s/ Douglas G. Wardlow
                                            Douglas G. Wardlow (MN Bar 0339544)
                                            14033 Commerce Avenue NE, #300-310
                                            Prior Lake, MN 55372
                                            (612) 840-8073
                                            dwardlowlaw@gmail.com

                                            James A. Campbell (AZ Bar 026737)
                                            Joseph P. Infranco (NY Bar 1268739)
                                            Bradley S. Abramson (AZ Bar 029470)
                                            ALLIANCE DEFENDING FREEDOM
                                            15100 N. 90th Street
                                            Scottsdale, AZ 85260
                                            (480) 444-0020
                                            (480) 444-0028 Fax
                                            jcampbell@ADFlegal.org
                                            jinfranco@ADFlegal.org
                                            babramson@ADFlegal.org

                                            Joel J. Kirkpatrick (P62851)
                                            JOEL J. KIRKPATRICK, P.C.
                                            843 Penniman Ave., Suite 201
                                            Plymouth, MI 48170
                                            (734) 404-5710
                                            (866) 241-4152 Fax
                                            joel@joelkirkpatrick.com

                                            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, I electronically filed the foregoing document, Defendant R.G. & G.R. Harris Funeral Home, Inc.'s Unopposed Motion and Memorandum in Support of Motion to Stay Proceedings Pending Resolution of Defendant's Petition for a Writ of Certiorari, with the Clerk of the Court using the ECF system, which will send notification of this filing to all parties in the case.

/s/ Douglas G. Wardlow
Douglas G. Wardlow