# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

DONNA STEPHENS, as TRUSTEE OF THE
AIMEE A. AND DONNA STEPHENS TRUST,

      Proposed Plaintiff-Intervenor,

v.

R.G. & G.R. HARRIS FUNERAL HOMES,
INC.,

      Defendant.

_____/

Case No. 14-cv-13710

Hon. Sean F. Cox

**MOTION TO**
**INTERVENE**

John A. Knight
American Civil Liberties Union
  Foundation
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org


James D. Esseks
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2623
jesseks@aclu.org

Daniel S. Korobkin (P72842)
Jay D. Kaplan (P38197)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
dkorobkin@aclumich.org
jkaplan@aclumich.org

*Counsel for Proposed Plaintiff-Intervenor*

## MOTION TO INTERVENE

Proposed Plaintiff-Intervenor, Donna Stephens, as Trustee of the Aimee A. and Donna Stephens Trust, by her attorneys from the American Civil Liberties Union Foundation and the American Civil Liberties Union Fund of Michigan, in support of her Motion to Intervene, says as follows:

1.    This action was initiated by the Equal Employment Opportunity Commission ("EEOC"), to redress Defendant's unlawful employment practices with regard to Aimee A. Stephens.

2.    The United States Court of Appeals for the Sixth Circuit granted Aimee Stephens leave to intervene as Plaintiff-Intervenor while this case was on appeal before that court.

3.    The United States Supreme Court affirmed a ruling by the Sixth Circuit that Defendant unlawfully discriminated against Aimee Stephens because of her sex, in violation of Title VII of the Civil Rights Act of 1964.

4.    Shortly before the Supreme Court issued its ruling, Aimee Stephens died.

5.    Prior to her death, Aimee Stephens transferred her interest in this litigation to the Aimee A. and Donna Stephens Trust (the "Trust"), whose sole trustee is now Donna Stephens.

1

6.      Now that this case is back before this Court, Donna Stephens moves

to intervene in this action to protect the Trust's interests.

7.      Proposed Plaintiff-Intervenor's right to intervene is supported by the

brief filed in support of this Motion.

8.      Proposed Plaintiff-Intervenor's proposed Complaint in Intervention is

attached to the Declaration of John A. Knight as Exhibit 3.

9.      In accordance with E.D. Mich. L.R. 7.1, Proposed Plaintiff-

Intervenor's counsel sought concurrence in the requested relief from counsel for

Defendant and counsel for the EEOC on August 7, 2020. The EEOC has

conditioned its consent on Proposed Plaintiff-Intervenor's providing it with certain

information related to possible settlement and Defendant has told Proposed

Plaintiff-Intervenor that it "is considering" whether to consent.

## PRAYER FOR RELIEF

Wherefore, pursuant to Fed. R. Civ. P. 24(a), (b) and 42 U.S.C. §2000e-

5(f)(1), Donna Stephens respectfully requests that this Court enter an order

allowing her to intervene in this action as Plaintiff-Intervenor by filing her

proposed Complaint in Intervention.

Dated: August 11, 2020                    Respectfully submitted,

                                          By: /s/ Daniel S. Korobkin

John A. Knight                            Daniel S. Korobkin (P72842)
American Civil Liberties Union            Jay D. Kaplan (P38197)

2

Foundation
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org

James Esseks
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2623
jesseks@aclu.org

American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
dkorobkin@aclumich.org
jkaplan@aclumich.org

*Counsel for Proposed Plaintiff-Intervenor*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

DONNA STEPHENS, as TRUSTEE OF THE
AIMEE A. AND DONNA STEPHENS TRUST,

     Proposed Plaintiff-Intervenor,

v.

R.G. & G.R. HARRIS FUNERAL HOMES,
INC.,

     Defendant.

_____/

Case No. 14-cv-13710

Hon. Sean F. Cox

**BRIEF IN SUPPORT OF**
**MOTION TO**
**INTERVENE**

| | |
|---|---|
| John A. Knight<br>American Civil Liberties Union<br>  Foundation<br>150 N. Michigan Ave., Ste. 600<br>Chicago, IL 60601<br>(312) 201-9740<br>jaknight@aclu.org | Daniel S. Korobkin (P72842)<br>Jay D. Kaplan (P38197)<br>American Civil Liberties Union<br>  Fund of Michigan<br>2966 Woodward Ave.<br>Detroit, MI 48201<br>(313) 578-6800<br>dkorobkin@aclumich.org<br>jkaplan@aclumich.org |
| James D. Esseks<br>American Civil Liberties Union<br>  Foundation<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>(212) 549-2623<br>jesseks@aclu.org | |

*Counsel for Proposed Plaintiff-Intervenor*

## BRIEF IN SUPPORT OF MOTION TO INTERVENE

Proposed Plaintiff-Intervenor, Donna Stephens, as Trustee of the Aimee A. and Donna Stephens Trust, by her attorneys from the American Civil Liberties Union Foundation and the American Civil Liberties Union Fund of Michigan, files this brief in support of her Motion to Intervene.

The EEOC has conditioned its consent to the relief sought by Proposed Plaintiff-Intervenor in this motion on her providing it with certain information related to potential settlement of this matter. Defendant has told Proposed Plaintiff-Intervenor that it is considering whether to consent to the relief sought in this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The EEOC brought suit in its own name against Defendant R.G. & G.R. Harris Funeral Homes, Inc. (the "Funeral Home"), alleging that it discriminated against Aimee A. Stephens ("Ms. Stephens") based on her sex. Ms. Stephens had a statutory right to intervene in that action as a plaintiff, but did not do so because she believed at the time that the EEOC would adequately represent her interests.

After this Court granted summary judgment to the Funeral Home and the EEOC appealed to the United States Court of Appeals for the Sixth Circuit, Ms. Stephens moved to intervene as Plaintiff-Intervenor.  The Sixth Circuit observed that, "[u]ntil recently, Stephens had no reason to question whether the EEOC

would continue adequately to protect her interests," which is why she did not move

to intervene before the District Court. Order at 3, *EEOC v. R.G. & G.R. Harris*

*Funeral Homes, Inc.*, No. 16-2424 (6th Cir. Mar. 27, 2017) (Dkt. 82) ("Sixth

Circuit Intervention Order"). Holding that Ms. Stephens reasonably feared that the

EEOC, under the then-newly elected Trump Administration, would "less

aggressively pursue transgender rights" cases such as hers, and that "the EEOC

[would] not support her case or [would] withdraw from her case," the Sixth Circuit

granted Ms. Stephens's motion to intervene. *Id.*

Alongside the EEOC, Ms. Stephens litigated her case before the Sixth

Circuit, winning a reversal of this Court's summary judgment ruling.  The Funeral

Home filed a petition for certiorari, which the United States Supreme Court

granted.

Once the case was before the Supreme Court, Ms. Stephens's fears about the

federal government forcing the EEOC to abandon her interests were realized.

Before the Supreme Court, the United States Department of Justice, representing

the EEOC, switched sides in the case and argued that the EEOC should never have

brought the case for Ms. Stephens in the first place because, in the view of the

Department of Justice, Title VII's ban on sex discrimination in the workplace did

not cover discrimination against transgender people. *See* Brief for Respondent

EEOC, *R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC*, No. 18-107 (U.S. Aug.

16, 2019). Thus, the federal government, which originally brought this case to vindicate the rights of transgender people under Title VII, argued against such protections – and directly against the interests of Ms. Stephens, the party whose interests they purported to represent – before the Supreme Court.  Indeed, Ms. Stephens was the only party before the Supreme Court to assert that anti-transgender discrimination is a form of sex discrimination that violates Title VII.

On June 15, 2020, the Supreme Court ruled for Ms. Stephens and against the Department of Justice and the Funeral Home, holding that Ms. Stephens was fired because she is transgender, which is necessarily a form of sex discrimination and a violation of Title VII.

On May 12, 2020, Ms. Stephens died.  Shortly before that, Ms. Stephens transferred her interest in this lawsuit to the Aimee A. and Donna Stephens Trust (the "Trust"), of which Donna Stephens (Aimee Stephens's wife) is now the sole trustee.  *See* Declaration of John A. Knight, Exhibit 1 (Certificate of Trust); Exhibit 2 (Assignment of Rights and Interests in Causes of Action). After Ms. Stephens's death, the Supreme Court granted Donna Stephens's motion to substitute herself, as trustee of the Trust, as a Respondent before the Supreme Court in place of Aimee Stephens. Order, *R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC*, No. 18-107 (U.S. May 26, 2020).

3

Currently, the only parties to this proceeding before the District Court are the EEOC and the Funeral Home, which both have argued against Ms. Stephens's interests in this litigation. Donna Stephens now moves to intervene formally in this case before the District Court to continue to protect the interests of Ms. Stephens in this litigation.

## ARGUMENT

The Court should grant Donna Stephens party status as Plaintiff-Intervenor under 42 U.S.C. § 2000e-5(f)(1) and Fed. R. Civ. P. 24(a) and (b) both a) because she has a statutory right to intervene and b) because Aimee Stephens, who is now deceased and whose interests Donna now carries forward, was formally a party to the case since it was before the Sixth Circuit and was the only party that advocated for her interests before the United States Supreme Court, while both the EEOC and the Funeral Home advocated against her interests.  Equity demands that Donna Stephens be allowed to continue the litigation that Aimee Stephens, her now-deceased wife, pursued until her dying day.

> **A.      Donna Stephens, as successor in interest to Aimee Stephens, has a statutory right to intervene.**

Rule 24(a) of the Federal Rules of Civil Procedure governs motions to intervene as of right and provides that intervention "shall be permitted . . . when a statute of the United States confers an unconditional right to intervene."  Title VII of the Civil Rights Act of 1964, in turn, specifically provides that, where the EEOC

4

brings a civil action against a respondent on behalf of an employee who has suffered discrimination, "[t]he person or persons aggrieved shall have the right to intervene in [the] civil action brought by the Commission . . . ." 42 U.S.C. § 2000e-5(f).

As the person about whose employment situation the EEOC brought suit in the first place, Aimee Stephens had a statutory right to intervene in this case when it was before this Court originally.  The Sixth Circuit recognized that Ms. Stephens had good reason not to intervene before the District Court at a time when the EEOC was protecting her interests. Sixth Circuit Intervention Order at 3. It also recognized that she had a right to intervene on appeal when it became clear that the EEOC might not be able to continue protecting her interests, noting that Ms. Stephens "unquestionably possesses a substantial legal interest in this case," and that Ms. Stephens "has met [the] minimal burden" of showing that "representation of her interest 'may be' inadequate." *Id.* at 4.

Now that Ms. Stephens's interest in the litigation has been transferred to Donna Stephens, and the case is back before this Court after the Sixth Circuit allowed Aimee Stephens to intervene on appeal and the Supreme Court ruled that Aimee Stephens's firing violated Title VII, Donna Stephens should be allowed to intervene as Plaintiff-Intervenor.

**B.**      **Equity demands that Donna Stephens be allowed to intervene.**

Simply put, Aimee Stephens is the only party that advocated for her interests

before the Supreme Court, and the only party that kept her case alive. The EEOC

joined the Funeral Home in arguing against Ms. Stephens's interests before the

high court even though the EEOC filed the case in the first place. It would be

monumentally unjust not to allow her wife, who holds her interests in this litigation

through the Trust, to continue Ms. Stephens's case before this Court and to force

her instead to rely on the EEOC to advance her interests.

## CONCLUSION

Accordingly, Donna Stephens respectfully requests that this Court enter an

order allowing her to intervene in this action as Plaintiff-Intervenor by filing her

proposed Complaint in Intervention, which is attached to the Declaration of John

A. Knight as Exhibit 3.


Dated: August 11, 2020                           Respectfully submitted,

                                                 By: /s/ Daniel S. Korobkin
                                                 Daniel S. Korobkin (P72842)
John A. Knight                                   Jay D. Kaplan (P38197)
American Civil Liberties Union                   American Civil Liberties Union
  Foundation                                       Fund of Michigan
150 N. Michigan Ave., Ste. 600                   2966 Woodward Ave.
Chicago, IL 60601                                Detroit, MI 48201
(312) 201-9740                                   (313) 578-6800
jaknight@aclu.org                                dkorobkin@aclumich.org
                                                 jkaplan@aclumich.org

James Esseks
American Civil Liberties Union

Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2623
jesseks@aclu.org

*Counsel for Proposed Plaintiff-Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically filed this document and its attachments with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)

7