UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

DONNA STEPHENS, as TRUSTEE OF THE
AIMEE A. AND DONNA STEPHENS TRUST,

    Proposed Plaintiff-Intervenor,

v.

R.G. & G.R. HARRIS FUNERAL HOMES,
INC.,

    Defendant.
_____/

Case Number 14-cv-13710

Hon. Sean F. Cox

**REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE**

John A. Knight
American Civil Liberties Union
  Foundation
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org

James D. Esseks
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2623
jesseks@aclu.org

Daniel S. Korobkin (P72842)
Jay D. Kaplan (P38197)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
dkorobkin@aclumich.org
jkaplan@aclumich.org

*Counsel for Proposed Plaintiff-Intervenor*

## REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE

Proposed Plaintiff-Intervenor, Donna Stephens, as Trustee of the Aimee A. and Donna Stephens Trust (Ms. Stephens), by her attorneys from the American Civil Liberties Union Foundation and the American Civil Liberties Union Fund of Michigan, files this reply brief in support of her Motion to Intervene, in response to the Response (ECF No. 108) filed by Defendant R.G. & G.R. Harris Funeral Homes, Inc. (the "Funeral Home") to Proposed Plaintiff-Intervenor's Motion to Intervene.

The Funeral Home suggests in its Response that the Court deny the Motion to Intervene because the Funeral Home and the EEOC have "reached an agreement in principle" on resolving the EEOC's claims against the Funeral Home, while the Funeral Home has not yet reached a settlement of Ms. Stephens's claims against it.

Far from providing a reason to deny the Motion to Intervene, the situation the Funeral Home describes illustrates why the motion should be granted.

The Civil Rights Act gives the EEOC the power to bring a lawsuit to enforce Title VII in its own name. 42 U.S.C. § 2000e-5(f)(1). In such cases, the EEOC does not represent the charging party – the employee about whose employment situation the EEOC brings suit – but instead represents its own enforcement interests. *See Adler v. United States*, 2012 WL 75951, at *4 (D. Nev. Jan. 10, 2012) (noting that "the EEOC does not represent [the aggrieved] person's interest"

1

but instead "represent[s] the public interest"). So even in run-of-the-mill cases that the EEOC brings in its own name, there can be some distance between the EEOC's interests and those of the charging party. Indeed, that is likely a key reason that Congress gave charging parties a statutory right to intervene in these cases. *See id.* ("In recognizing that the public interest may conflict with an aggrieved person's interest, Congress gave the aggrieved person the right to intervene in order to protect his or her own interests.").

But this case is far from run-of-the-mill. Here, the gap between the interests of the EEOC and the interests of the employee, Ms. Stephens, may well be the largest in any case where the EEOC has ever brought suit in its own name, since here the EEOC actually abandoned Ms. Stephens when the case reached the United States Supreme Court and argued that Title VII allowed the Funeral Home to fire her for being transgender.

The disconnect between how the EEOC views Ms. Stephens's claims and how Ms. Stephens herself views those claims did not disappear when the case was remanded to this Court. Ms. Stephens values her claims – both for damages and for attorneys' fees – differently than the EEOC does. It would be unreasonable in the extreme to require Ms. Stephens to rely on the EEOC to represent her interests in the damages phase of this litigation when the EEOC argued against her on the liability question.

2

In light of these realities, the Funeral Home's suggestion that it should be allowed to settle the EEOC's claims while Ms. Stephens is left out of the case entirely simply illustrates why her motion to intervene should be granted. It is not surprising that the Funeral Home would prefer to continue dealing only with the EEOC, which was its partner in urging the Supreme Court to rule against Ms. Stephens. But Ms. Stephens submits that both the text of Title VII and equity demand a different result.

Dated: September 21, 2020

Respectfully submitted,

By: /s/ Daniel S. Korobkin

John A. Knight
American Civil Liberties Union
  Foundation
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org

James Esseks
American Civil Liberties Union
  Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2623
jesseks@aclu.org

Daniel S. Korobkin (P72842)
Jay D. Kaplan (P38197)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
jkaplan@aclumich.org
dkorobkin@aclumich.org

*Counsel for Proposed Plaintiff-Intervenor*

3

## CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2020, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                     /s/ Daniel S. Korobkin
                                     Daniel S. Korobkin (P72842)