UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

DONNA STEPHENS, as TRUSTEE OF THE
AIMEE A. AND DONNA STEPHENS TRUST,

    Plaintiff-Intervenor,

v.

R.G. & G.R. HARRIS FUNERAL HOMES,
INC.,

    Defendant.
_____/

Case No. 14-cv-13710

Hon. Sean F. Cox

## COMPLAINT IN INTERVENTION

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Aimee Stephens who was adversely affected by such practices. As alleged with greater particularly in paragraphs 8 through 16 below, Defendant R.G. & G.R. Harris Funeral Home, Inc., fired Aimee Stephens, a transgender woman, because of sex.

1

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Michigan, Southern Division.

PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  Plaintiff-Intervenor, Donna Stephens, is Trustee of the Aimee A. and Donna Stephens Trust (the "Trust"), and was married to Aimee Stephens. Defendant fired Aimee Stephens because of her sex, which led to the EEOC filing this case. Aimee Stephens was a party to this litigation since she intervened in the case while it was before the United States Court of Appeals for the Sixth Circuit,

and she continued as a party before the United States Supreme Court. Before Aimee Stephens died on May 12, 2020, she transferred her interest in this litigation to the Trust.

5. At all relevant times, Defendant, R.G. & G.R. Harris Funeral Home, Inc. (the "Employer"), a Michigan Corporation, has continuously been doing business in the State of Michigan and the Cities of Detroit, Livonia, and Garden City, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Aimee Stephens filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

9. Aimee Stephens had been employed by Defendant as a Funeral Director/Embalmer since October 2007.

10. Aimee Stephens adequately performed the duties of her position.

11. Aimee Stephens is a transgender woman. On or about July 31, 2013, Aimee Stephens informed Defendant Employer and her co-workers in a letter that she was undergoing a gender transition from male to female and intended to dress in appropriate business attire at work as a woman from then on, asking for their support and understanding.

12. On or about August 15, 2013, Defendant Employer's owner fired Aimee Stephens, telling her that what she was "proposing to do" was unacceptable.

## STATEMENT OF CLAIMS

13. Paragraphs 9 through 12 are fully incorporated herein.

14. Defendant engaged in unlawful employment practices at its Garden City, Michigan facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Aimee Stephens because of sex.

15. Defendant Employer's decision to fire Aimee Stephens was motivated by sex-based considerations. Specifically, Defendant Employer fired Stephens because Stephens is transgender, because of Stephens's transition from male to female, and/or because Stephens did not conform to the Defendant Employer's sex- or gender-based preferences, expectations, or stereotypes.

16. The effect of the practices complained of in paragraphs 9 through 12 and 14 through 15 above has been to deprive Aimee Stephens of equal employment opportunities and otherwise adversely affect her status as an employee because of

her sex.

17. The unlawful employment practices complained of in paragraphs 9 through 16 above were intentional.

## PRAYER FOR RELIEF

Wherefore, Donna Stephens respectfully requests that this Court:

A. Order Defendant Employer to make Stephens whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay for Stephens.

B. Order Defendant Employer to make Stephens whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 16 above, including medical losses, job search expenses, and lost clothing allowances, in amounts to be determined at trial.

C. Order Defendant Employer to make Stephens whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Grant such further relief as the Court deems necessary and proper in

the public interest.

  E.  Award Plaintiff-Intervenor costs and attorney's fees.

<u>JURY TRIAL DEMAND</u>

Donna Stephens requests a jury trial on all questions of fact raised by her complaint.

Dated: October 1, 2020

John A. Knight
American Civil Liberties Union
 Foundation
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org

James Esseks
American Civil Liberties Union
 Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2604
jesseks@aclu.org

Respectfully submitted,

By: /s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)
Jay D. Kaplan (P38197)
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
dkorobkin@aclumich.org
jkaplan@aclumich.org

*Counsel for Plaintiff-Intervenor*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 1, 2020, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                        <u>/s/ Daniel S. Korobkin</u>
                                                        Daniel S. Korobkin (P72842)