UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

      v.

R.G. & G.R. HARRIS FUNERAL
HOMES, INC.,

Defendant.

Civil Action No.
2:14-cv-14-13710
Hon. SEAN F. COX

_____

**DEFENDANT R.G. & G.R. HARRIS FUNERAL HOMES, INC'S. ANSWER TO INTERVENOR'S COMPLAINT**

    NOW COMES the Defendant, R.G. & G.R. HARRIS FUNERAL HOMES, INC, by and through its attorneys, ALLIANCE DEFENDING FREEDOM, and JOEL J. KIRKPATRICK, P.C., and in Answer to Intervenor's Complaint in Intervention states:

1. Paragraph 1 of Intervenor's Complaint states a legal conclusion to which no response is necessary. To the extent paragraph 1 makes a factual allegation that Defendant violated Title VII, Defendant denies it.

2. Defendant admits that it does business within the jurisdiction of the United States District Court for the Eastern District of Michigan. Defendant denies that it committed any unlawful employment practices.

3. Paragraph 3 of Intervenor's Complaint states a legal conclusion to which no response is necessary. To the extent paragraph 3 makes a factual allegation that the EEOC's authority in this matter is based on Defendant having violated Title VII, Defendant

denies it.

4. Defendant admits that Aimee Stephens intervened in this case while it was before the United States Court of Appeals for the Sixth Circuit and continued as party before the United States Supreme Court. Defendant lacks personal knowledge about the remaining allegations set forth in paragraph 4 of Intervenor's Complaint and therefore denies them.

5. Defendant admits the averments set forth in paragraph 5 of Intervenor's Complaint.

6. Defendant admits the averments set forth in paragraph 6 of Intervenor's Complaint.

7. The averments contained in paragraph 7 of the Complaint state legal conclusions to which no answer is required.

8. The averments contained in paragraph 8 of the Complaint state legal conclusions to which no answer is required.

9. Defendant admits the averments set forth in paragraph 9 of Intervenor's Complaint.

10. The averments contained in paragraph 8 of the Complaint state legal conclusions to which no answer is required. Defendant notes that there were ups and downs in Stephens's tenure, and in early 2013, a manager wanted to end Stephens's employment, but Defendant's owner intervened to save Stephens's job.

11. Paragraph 11 of Intervenor's Complaint states a legal conclusion to which no response is necessary. To the extent paragraph 11 includes factual allegations, Defendant admits that it received a letter from Stephens on or about July 31, 2003, but denies that Stephens proposed to wear appropriate business attire consistent with

    Defendant's sex-specific dress code.

12. Defendant admits that Stephens's proposal to violate Defendant's sex-specific dress code was not acceptable to Defendant.

13. The Statement speaks for itself.

14. Defendant denies the averments set forth in paragraph 14 of Intervenor's Complaint.

15. Defendant denies the averments set forth in paragraph 15 of Intervenor's Complaint.

16. Defendant denies the averments set forth in paragraph 16 of Intervenor's Complaint.

**17.** Defendant denies the averments set forth in paragraph 17 of Intervenor's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the common law tort claims asserted against Defendant Funeral Home in the Complaint.

### SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of any constitutional claims asserted against Defendant Funeral Home in the Complaint under Title VII of the Civil Rights Act of 1964.

### THIRD DEFENSE

Defendant Funeral Home was at no time involved in any acts or omissions resulting in any discrimination against Stephens of any rights afforded by the United States Constitution.

## FOURTH DEFENSE

Plaintiff is barred from relief because Defendant Funeral Home acted lawfully, reasonably and in good faith at all times.

## FIFTH DEFENSE

Some or all of the claims asserted against Defendant Funeral Home in the Complaint are barred or dismissed by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant Funeral Home upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff's claims are barred or diminished by their failure to mitigate his damages.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, are the direct and proximate result of Plaintiff's own actions and not any misconduct by Defendant Funeral Home by whom any allegation of misconduct is expressly denied, including, without limitation, Stephens's refusal to comply with Defendant's sex-specific dress code.

WHEREFORE, having fully answered, Harris Funeral Homes respectfully requests this Court to issue an order dismissing Plaintiffs' Complaint with prejudice and awarding Defendant attorney fees and costs and other relief to which it is entitled.

**JOEL J. KIRKPATRICK, P.C.**

*/s/ Joel J. Kirkpatrick*
Joel J. Kirkpatrick
Attorney for Defendant
42180 Ford Rd. Suite 275
Canton, MI  48187
(734) 404 – 5710
(866) 241-4152 FAX
joel@joelkirkpatrick.com

**ALLIANCE DEFENDING FREEDOM**

*/s/ John J. Bursch*
John J. Bursch
Attorney for Defendant
Alliance Defending Freedom
440 First Street, N.W.
Suite 600
Washington, D.C. 20001
(616) 450-4235
jbursch@ADFlegal.org

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2020, a copy of the above *Answer* was filed electronically via the ECF filing system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/*s/ Joel J. Kirkpatrick*
**JOEL J. KIRKPATRICK**